

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 31  PM 2: 54

CLERK'S OFFICE
AT BALTIMORE

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Zachary A. Myers*<br>*Assistant United States Attorney*<br>*Zachary.Myers @usdoj.gov* | BY ⟨signature⟩ DEPUTY | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4848*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-0716* |

May 16, 2018

Deborah L. Boardman, Esq.
Patricia L. Richman, Esq.
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 S. Charles St., Tower II, Ninth Floor
Baltimore, Maryland 21201

Re:    *United States v. Kenneth M. Smith*, GLR-16-0181

Dear Ms. Boardman and Ms. Richman:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the defendant accepts this offer, please have the defendant execute it in the spaces provided below. If this offer has not been accepted by **May 25, 2018**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

1.      The defendant agrees to plead guilty to Counts One and Two of the Superseding Indictment charging him with Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a). The defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offenses

2.      The elements of the offenses to which the defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.      On or about the dates listed in the Superseding Indictment, John Doe was under the age of eighteen;

b.      The defendant used or employed, ~~persuaded, induced, enticed, or coerced~~ John Doe to engage in sexually explicit conduct for the purpose of producing ~~or transmitting a~~ visual depiction of that conduct; and

c.      The visual depiction was produced using materials that had been mailed or transported in or affecting interstate or foreign commerce.

## Penalties

3.      The violations of 18 U.S.C. § 2251(a) and (e) to which the defendant is pleading guilty are punishable by not less than 15 and not more than 30 years' imprisonment; not less than five 5 years and not more than a life term of supervised release; and a maximum fine of $250,000.

4.      In addition, the defendant must pay $100 per count as a special assessment pursuant to Title 18, United States Code, Section 3013, which will be due and should be paid at or before the time of sentencing. The defendant must also pay an additional special assessment of $5,000, unless the defendant is indigent, pursuant to Title 18, United States Code, Section 3014. The Court also may order the defendant to make restitution pursuant to Title 18, United States Code, Sections 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to Title 18, United States Code, Section 3572(d), the Court orders otherwise. The defendant understands that, if the defendant serves a term of imprisonment, is released on supervised release, and then violates the conditions of supervised release imposed by the Court, the defendant's supervised release could be revoked—even on the last day of the term—and the defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the defendant will serve any term of imprisonment imposed.

5.      The defendant understands and agrees that, as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to Title 18, United States Code, Section 2250.

## Waiver of Rights

6.      The defendant understands that, by entering into this agreement, the defendant surrenders certain rights as outlined below:

a.      If the defendant had persisted in a plea of not guilty, the defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the defendant, this Office, and the Court all agreed.

b.      If the defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the defendant could be found guilty of any count. The jury would be instructed that the defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the defendant went to trial, the government would have the burden of proving the defendant guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the government's witnesses. The defendant would not have to present

any defense witnesses or evidence whatsoever. If the defendant wanted to call witnesses, however, the defendant would have the subpoena power of the Court to compel the witnesses to attend.

        d.      The defendant would have the right to testify if the defendant so chose, and the defendant would have the right to refuse to testify. If the defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the defendant's decision not to testify.

        e.      The defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the Superseding Indictment or to the Court's entry of judgment against the defendant, and any imposition of sentence upon the defendant consistent with this agreement. If defendant files a notice of appeal, notwithstanding this agreement, defendant agrees that this case shall be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

        f.      If the defendant were found guilty after a trial, the defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against the defendant. By pleading guilty, the defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        g.      By pleading guilty, the defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" provision below, to appeal the sentence. By pleading guilty, the defendant understands that the defendant may have to answer the Court's questions both about the rights the defendant is giving up and about the facts of the defendant's case. Any statements the defendant makes during such a hearing would not be admissible against the defendant during a trial except in a criminal proceeding for perjury or false statement.

        h.      If the Court accepts the defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find the defendant guilty.

        i.      By pleading guilty, the defendant also will be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The defendant recognizes that, if the defendant is not a citizen of the United States, pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including defense counsel or the Court, can predict with certainty the effect of a conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

7.     The defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984, codified at Title 18, United States Code, Sections 3551–3742 (excepting Title 18, United States Code, Sections 3553(b)(1) and 3742(e)), and Title 28, United States Code, Sections 991–998. The defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

8.     This Office and the defendant understand, agree, and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

### Groups 1 and 2 (Sexual Exploitation of a Child)

The offense level applicable to the counts of conviction and their relevant conduct is as follows:

a.     **Base Offense Levels:** The defendant agrees that the conduct charged in Counts One and Two are both governed by U.S.S.G. §2G2.1. The base offense level is thirty-two (32) pursuant to U.S.S.G. §2G2.1(a).

b.     **Minor Under 12:** Pursuant to U.S.S.G. §2G2.1(b)(1)(A), there is a four (4) level increase because the offense involved a minor who had not attained the age of twelve years.

c.     **Sexual Act:** Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or contact.

d.     **Care or Custody:** Pursuant to U.S.S.G. §2G2.1(b)(5), there is a two (2) level increase because the defendant was a parent, relative, or legal guardian of the minor victim, or the victim was otherwise in the custody, care, or supervisory control of the defendant.

e.     **Adjusted Offense Levels for Groups 1 and 2:** Thus, the adjusted offense level for Group 1 and for Group 2 is forty (40).

### Group 3 (Relevant Conduct—Distribution of Child Pornography)

f.     **Base Offense Level:** The parties stipulate and agree that the defendant's distribution, receipt, and possession of child pornography are relevant conduct to the offenses of conviction, pursuant to U.S.S.G. §1B1.3, and that the applicable base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

g.     **Prepubescent Children:** Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions distributed, received, and possessed by the defendant involved prepubescent children under the age of twelve.

      h.    **Distribution:** Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution other than distribution described in U.S.S.G. §2G2.2(b)(3)(A) through (E).

      i.    **S&M and Exploitation of Infants and Toddlers:** Pursuant to U.S.S.G. §2G2.2(b)(4)(A) and (B), there is a four (4) level increase because the offense involved material that portrays sadistic and masochistic conduct and other depictions of violence, and sexual abuse or exploitation of an infant or toddler.

      j.    **Pattern of Exploitation:** Pursuant to U.S.S.G. §2G2.2(b)(5), there is a five (5) level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

      k.    **Use of a Computer:** Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

      l.    **More than 600 Images:** Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images involved in the offense and relevant conduct is more than 600.

      m.    **Adjusted Offense Level for Group 3:** Thus, the adjusted offense level for Group 3 is forty-two (42).

### Combined Offense Level

      n.    **Grouping of Multiple Counts:** There is a further three (3) level increase to the offense level for the most serious group, pursuant to U.S.S.G. §3D1.4, because the offenses charged in Counts One and Two, and the relevant conduct charged in Count Three do not group, pursuant to U.S.S.G. §3D1.2, and each count is equally, or within four levels, as serious, resulting in a combined offense level of forty-five (45).

      o.    **Repeat and Dangerous Sex Offender Against Minors:** Pursuant to U.S.S.G. §4B1.5(b)(1), there is a five (5) level increase because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

    9.    **Acceptance of Responsibility:** This Office does not oppose a two-level reduction in the defendant's combined adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. This Office may oppose any adjustment for acceptance of responsibility if the defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw the plea of guilty.

    10.    Thus, the final anticipated adjusted offense level is **forty-eight (48),** after the anticipated two-level adjustment for acceptance of responsibility.

11.     The defendant understands that there is no agreement as to the defendant's criminal history or criminal history category, and that the defendant's criminal history could alter the defendant's offense level if the defendant is a career offender or if the instant offense was a part of a pattern of criminal conduct from which the defendant derived a substantial portion of his income.

12.     This Office and the defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11(c)(1)(C) Plea

13.     The parties stipulate and agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that **a lawful term of imprisonment between 15 and 60 years, to be served concurrent with the term of imprisonment imposed by the Circuit Court of Maryland for Washington County, in Case No. 21-K-16-052132, followed by a lifetime term of supervised release,** is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Obligations of the United States Attorney's Office

14.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character, and conduct.

15.     The defendant is currently serving a state sentence following his conviction in the Circuit Court of Maryland for Washington County in Case No. 21-K-16-052132. This Office has been informed by the Office of the Maryland Attorney General, on behalf of the Maryland Department of Public Safety and Correctional Services, that the State of Maryland will enter into an agreement with the United States transferring primary jurisdiction over the defendant to the federal government, effective upon the imposition of a judgment of conviction by this Court.

16.     At the time of sentencing, the government will dismiss any open counts of the Superseding Indictment.

## No Contact with John Doe, John Doe 2, or Jane Doe

17.     While incarcerated and throughout the entire term of his imprisonment, the defendant will not (a) make any contact with John Doe, John Doe 2, or Jane Doe ("the children"), as identified in the attached Statement of Facts, or the immediate families of the children, and (b) take any steps whatsoever to locate the children, or the families of the children. The defendant agrees to the entry of any Protective Order regarding any contact with the children or their immediate families that may be sought. The defendant specifically agrees that this provision shall continue following his release and will be part of any supervised release conditions ordered by the Court at the time of sentencing. If the defendant does not fulfill this provision, it will be considered

*If mr. smith breaches the terms of this paragraph, he*

*PR*
*ZAM*

a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. ~~The defendant~~ waives and agrees to waive any right to challenge any prosecution based on the statute of limitations or double jeopardy and knowingly and voluntarily agrees to toll the limitations period through the end of his incarceration and supervised release.

*Federal*

→ *for the conduct underlying the superseding indictment*

## Forfeiture

18.     The defendant agrees to forfeit all right, title, and interest in the following property seized by law enforcement authorities, and to take whatever steps are necessary to pass clear title to that property to the United States:

a.     An LG cell phone, model: LS660P, s/n: 502CYVU0231791;

b.     A Red USB drive;

c.     A Blue 2GB USB drive;

d.     A Verbatim 4GB USB drive;

e.     A Samsung tablet, with 2GB Micro SD card, s/n: R22CB02PKJN; and

f.     An Acer Aspire 5532 laptop, s/n: 95000605616, containing a Toshiba 160GB hard drive, s/n: Y9CGC7FZT.

## Restitution

19.     The defendant agrees that, under Title 18 United States Code, Sections 3663A, 2259, and 3771, the child identified in the Superseding Indictment as John Doe and the victims of the offense charged in Counts Three through Seven of the Superseding Indictment are entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including, but not limited to, copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea.

### Collection of Financial Obligations

20.    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

21.    In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

22.    The defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The defendant promises that the financial statement and disclosures will be complete, accurate, and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Waiver of Appeal

23.    In exchange for the concessions made by this Office and the defendant in this plea agreement, this Office and the defendant waive their rights to appeal as follows:

a.    The defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the defendant's conviction on the ground that any statute to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute;

b.    The defendant and this Office knowingly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, probation, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, probation, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows;

i.    The defendant reserves the right to appeal any sentence that exceeds a statutory maximum;

ii.    This Office reserves the right to appeal any sentence below a statutory minimum.

c.    The defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

24.    The defendant agrees that the defendant will not commit any offense in violation of federal, state, or local law between the date of this agreement and the defendant's sentencing in this case. In the event that the defendant (i) engages in conduct after the date of this agreement that would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, (ii) fails to accept personal responsibility for the defendant's conduct by failing to acknowledge the defendant's guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw the defendant's guilty plea, or (iv) commits any offense in violation of federal, state, or local law, then this Office will be relieved of its obligations to the defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The defendant acknowledges that the defendant may not withdraw the defendant's guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Entire Agreement

25.    This letter supersedes any prior understandings, promises, or conditions between this Office and the defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The defendant acknowledges that there are no other agreements, promises, undertakings, or understandings between the defendant and this Office other than those set forth in this letter and the Sealed Supplement and that none will be entered into unless in writing and signed by all parties.

If the defendant fully accepts each and every term and condition of this agreement, please sign and have the defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

By:  Zachary A. Myers
Jeffrey J. Izant
Assistant United States Attorneys

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorneys, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorneys.

05-31-18
05-24-18
Date

Kenneth M. Smith

Page 9 of 10

We are Kenneth M. Smith's attorneys. We have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises us that he understands and accepts its terms. To our knowledge, his decision to enter into this agreement is an informed and voluntary one.

5-31-18

5-24-18

_____

Date

Deborah L. Boardman, Esq.

Patricia L. Richman, Esq.

### ATTACHMENT A
### STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that the following facts are true, and that, if this case had proceeded to trial, the government would have proved them beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The defendant, Kenneth M. Smith, age 39, is a former resident of Randallstown, Baltimore County, Maryland. "John Doe," "John Doe 2," and "Jane Doe" are the pseudonyms of minors. John Doe was a boy approximately seven years old. John Doe 2 was a boy approximately fourteen years old. Jane Doe was a girl approximately ten years old. At times, the defendant had occasionally babysat John Doe and John Doe 2.

### A.       One of the Defendant's Online Accounts Is Reported for Child Pornography

On September 8, 2015, an electronic communications service reported to the National Center for Missing and Exploited Children ("NCMEC") that one of its users had uploaded an image of known child pornography to his account:

> **2015-09-07.jpg**: This image depicts two adult females on their hands and knees on a bed. The adult females are seen from behind wearing thong underwear. A prepubescent girl who appears to be approximately 2–4 years of age, is lying on the bed between the two adult females. The child is nude from the chest down, and her legs are spread open with her vagina visible.

Investigators located a number of online accounts related to the account that was the subject of the report. Some of these accounts were associated with the defendant, based on information publically available on the internet.

A review of law enforcement records determined that, in 2009, an electronic communications service had submitted a report of child pornography to NCEMC relating to an online account associated with the defendant. Law enforcement officers interviewed the defendant in 2009. He was not arrested or charged, and no further action was taken.

1

The 2015 NCMEC report noted that an account with the same username as an email account associated with the defendant's accounts was active on an image-sharing website that contains child pornography and erotica. A review of the account on the image-sharing website revealed a publicly available album titled "my boys." This album included images of the defendant, John Doe and John Doe 2. In two of the images, the defendant is biting one of the boys' toes. In the profile for this account, the defendant claimed that he no longer had access to the boys and that he would be posting fewer pictures of them. Images of one of the boys was also posted on the defendant's public Instagram account. The publically available images of John Doe and John Doe 2 did not depict the children engaged in sexually explicit activity.

**B.      Search of the Defendant's Residence and Interview of the Defendant**

On September 8, 2015, when the defendant shared child pornography using one of his accounts, the IP address used to access the account was assigned to the defendant's mother's residence in Randallstown. The defendant was residing with his mother at the time.

The Baltimore County Police Department secured a warrant to search the residence, and executed it on October 12, 2015. The defendant was present during the execution of the warrant. He claimed ownership of the laptop and tablet located in the living room, where he slept, and a number of other digital storage media stored in the residence. Detectives located the defendant's laptop and discovered it was powered on and that an anonymous file-sharing platform was open on the screen. The file-sharing program was active and downloading child pornography files when agents made contact with the defendant's computer. A downloads folder was also open and contained numerous files of child pornography. A webpage was also open on the laptop and displaying images of child pornography.

2

The defendant waived his rights and spoke to investigators. He stated that the account that was the subject of the NCMEC cybertip was his. He admitted to possessing the image that had been reported, which he shared in a chat with another user. The defendant admitted to having a number of different online accounts. He stated that he used online accounts and the anonymous file sharing platform to receive child pornography. The defendant said that he first saw child pornography approximately 10 to 15 years before the interview. He stated that investigators would find child pornography files on other devices and storage media he kept in the house.

The defendant claimed ownership of the account on the image-sharing website, and identified the two boys in the "my boys" album as John Doe and John Doe 2. The defendant admitted to touching John Doe's penis, having John Doe touch the defendant's penis, and to performing oral sex on John Doe when the child was 5 years old. The defendant also stated that John Doe once saw child pornography images on the defendant's phone.

During the interview, the defendant also made statements regarding Jane Doe. On September 28, 2017, following a trial at which Jane Doe testified, the defendant was convicted of Third Degree Sex Offense and Unnatural or Perverted Practice in the Circuit Court of Maryland for Washington County, as a result of charged offenses against Jane Doe. The defendant has appealed that conviction, and his appeal is pending.

During a later interview, the defendant stated that he had used his Samsung mobile device to take pictures of John Doe holding the defendant's erect penis. Two images of John Doe holding the defendant's erect penis were later located on the defendant's laptop by examiners, along with thousands of other files depicting minors engaged in sexually explicit conduct, child erotica, and child modeling.

The images located on the defendant's electronic devices included:

3

**Chloe 5yo (2).mp4**: A video approximately one minute and forty-one seconds long that depicts a prepubescent girl masturbating an adult man.

**tara 6yr (03).jpg**: An image that depicts a naked prepubescent girl performing oral sex on an adult man.

**Mel 5yo anal and footjob.mp4**: A video approximately fifteen minutes and ten seconds long that depicts an adult man removing the shorts and underwear of a prepubescent girl and then penetrating the child's anus with his erect penis. As the video continues, the child masturbates the man with her feet and hands. The man later penetrates the child's anus with what appears to be a thermometer.

**04b.mpeg**: A approximately one minute and forty-two seconds long that depicts a naked prepubescent boy masturbating and performing oral sex on an adult man.

**100_1961.jpg**: An image that depicts a naked prepubescent girl performing oral sex on an adult man.

Review of the contents of the defendant's email accounts revealed that the defendant sent and received numerous emails containing videos and images of prepubescent minors engaged in sexually explicit conduct, including:

**Emails exchanged June 17, 2014**: On June 17, 2014, the defendant received an email through his Microsoft account containing five images of prepubescent minors engaged in sexually explicit conduct. One of the images, for example, depicts two naked prepubescent girls touching their genitalia with what appears to be a vibrator. The defendant responded to the email writing, "Wow thats sexy as hell...i love watching the lil ones enjoy themselves...i once had a video of three girls playing and cumming over and over again, it was my favorite."

**Emails exchanged June 22, 2014**: On June 22, 2014, the defendant received an email through his Yahoo account. Attached to the email was a 91-second video. The video was a montage of six still images of child pornography. Five of the still images depict the exposed genitalia of five different prepubescent girls. The sixth image depicts an adult woman performing oral sex on a prepubescent boy. The defendant responded to the email, writing, "oh my god that was amazing...I haven't seen anything like that since I left my harddrives with my stepdaughters.  here are some things I came across I thnk you will like." The defendant attached nine images to

4

this email depicting naked or partially naked children, including one image that depicts a close-up picture of a prepubescent girl's exposed genitalia.

The defendant knowingly distributed, received, and possessed images of minors engaged in sexually explicit conduct obtained using the internet, a facility of interstate and foreign commerce, and stored on digital storage media that had travelled in interstate and foreign commerce.

I have reviewed the foregoing Statement of Facts with my attorneys, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as a part of my plea agreement with the government in this case.

5-31-18
Date

Kenneth M. Smith

We are Kenneth M. Smith's attorneys. We have carefully reviewed every part of this Statement of Facts with him. To our knowledge, his decision to sign it is an informed and voluntary one.

5-31-18
Deborah L. Boardman, Esq.
Patricia L. Richman, Esq.

5